# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| WDMG, L.C.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.3:08-CV-1195 |
| | § | |
| | § | |
| SIRIUS SATELLITE RADIO, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand [Docket Entry #4]. For the reasons stated below, the Motion is **GRANTED**.

### Background

This case arises out of a contract dispute between WDMG, L.C.C. ("WDMG") and Sirius Satellite Radio, Inc. ("Sirius"). WDMG alleges that on January 20, 2006, it and Sirius entered into a written contract for the sale of securities ("Agreement"), which Sirius subsequently breached. WDMG filed suit in the 160th District Court of Dallas County, Texas, and Sirius removed. WDMG now moves this Court to remand, contending that in the operative contract, Sirius waived its right to remove.

### Legal Standard

Because the forum selection clause is part of a contract, principles of contract interpretation apply. The Agreement provides, and neither party contests, that it is to be interpreted according to Texas law. Under Texas law, the reviewing court must determine the

1

parties' intentions as expressed in the instrument.[1]  To so determine, the court should examine

and consider the entire writing in an effort to harmonize and give effect to all the provisions of

the contract so that none will be rendered meaningless.[2]

The Fifth Circuit has set a high bar for the enforcement of contractual non-removal

provisions.  "For a contractual clause to prevent a party from exercising its right to removal, the

clause must provide a "clear and unequivocal" waiver of that right."[3]  A party "may waive its

rights by explicitly stating that it is doing so, by allowing the other party to choose venue, or by

establishing an exclusive venue within the contract."[4]  Furthermore, consent to jurisdiction in one

forum will not be interpreted as implying exclusivity.  Exclusivity will be found only where the

clause clearly shows that the parties intended exclusivity.  Put another way, "[a] party to a

contract may waive a right to removal provided the provision of the contract makes clear that the

other party to the contract has the 'right to choose the forum' in which any dispute will be

heard."[5]  Nonetheless, a waiver of removal rights does not have to include explicit words, such as

waiver of right of removal in order for such to be found.[6]

*Analysis*

The relevant portion of the Agreement reads:

> The Investor [Sirius] irrevocably submits to the nonexclusive jurisdiction of
> the United States District Court for the Northern District of the State of
> Texas *and* the state courts of the State of Texas located in Dallas County,
> Texas for the purposes of any suit, action or other proceeding arising out of
> this transaction . . . .

> The Investor [Sirius] irrevocably and unconditionally waives any objection
> to the laying of venue of any action, suit or proceeding arising out of this

---

[1] *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).
[2] *Id.*
[3] *City of New Orleans v. Municipal Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004).
[4] *Id.*
[5] *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13, 16 (5th Cir. 1991).
[6] *Waters v. Browning-Ferris Industries, Inc.*, 252 F.3d 796 (5th Cir. 2001).

> Agreement or the transactions contemplated hereby in the United States District Court for the Northern District of the State of Texas or the state courts of the State of Texas located in Dallas County, Texas and hereby irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suit, or proceeding brought in such court has been brought in an inconvenient forum.[7]

The language in this clause is virtually identical to that found in *Waters v. Browning-Ferris Industries, Inc.*[8]  In *Waters*, the Fifth Circuit confronted a clause that provided, in relevant part:

> "Company irrevocably (i) agrees that any such suit, action, or legal proceeding may be brought in the [state] courts of [Texas] or the courts of the United States for such state, (ii) consents to the jurisdiction of each such court in any such suit, action, or legal proceeding and (iii) waives any objection it may have to the laying of venue of any such suit . . . in any of such courts."[9]

The Fifth Circuit interpreted the above clause to mean that the defendant "(1) agreed that [the plaintiff] may sue it in any court in Texas, (2) consented to the jurisdiction of any court in Texas to decide the case, and (3) waived any objection to venue in any court in Texas . . . ."[10] Like in *Waters*, Sirius (1) gave Plaintiff multiple options as to where Plaintiff could file suit (the Northern District or the state courts in Dallas County), (2) consented to the jurisdiction of those courts, and (3) waived any objection to venue provided the suit was filed in one of the courts specified.

Defendant attempts to distinguish *Waters* by arguing that Sirius "consented only to the *nonexclusive* jurisdiction of *both* Texas state courts in Dallas County and this Court,"[11] and argues that consent to non-exclusive jurisdiction cannot unambiguously waive the removal right. This argument is unavailing.  The *Waters* defendant consented to the jurisdiction of "each" court

---

[7] Agreement, p.14.
[8] 252 F.3d 796 (5th Cir. 2001).
[9] *Id*. at 797 (emphasis added).
[10] *Id*. at 798.
[11] Defendant's Opposition Brief, p.3.

in Texas, which is similarly "nonexclusive," and the *Waters* court nonetheless found that the clause served to waive the removal right. The *Waters* court read the waiver of any objection to venue clause as meaning that the consenting party not only waived its right to filing a change of venue motion, but also any right to attempt to change the forum chosen by the plaintiff.

Defendant relies on *IMCO Recycling, Inc. v. Warshauer* to distinguish *Waters*.[12] The contract at issue in *Warshauer* read:

> [Warshauer] hereby expressly consents to the personal jurisdiction of the state and federal courts located in Dallas County, Texas, for any lawsuit filed there against [him] by IMCO arising from or related to this Agreement, and [he] hereby irrevocably and unconditionally waives any defense of an inconvenient forum, to the maintenance of any action or proceeding in any such court, any objection to venue with respect to any such action or proceeding, and any right of jurisdiction on account of the place of residence or domicile.[13]

There are several reasons why Plaintiff's reliance on *Warshauer* is misplaced. The contract in *Warshauer* waived only objections to personal jurisdiction, whereas Plaintiff here submitted to jurisdiction without the same limitation. Judge Fitzwater wrote that the fact that the defendant in *Warshauer* only waived personal jurisdiction was "crucial" in distinguishing *Waters*.[14] Additionally, the *Warshauer* court relied on the fact that the parties there signed up "lock stock and barrel to litigate in a state or federal court located in Dallas County, Texas."[15] The Agreement here does not guarantee the suit will be in Dallas, because the Agreement allows suit to be brought in any court in the Northern District of Texas, and the Northern District has divisions in Dallas, Amarillo, Lubbock, Fort Worth, and elsewhere. The Court concludes that this Agreement is virtually identical to that in *Waters* and different from that in *Warshauer*. *Waters* controls, and the case must be remanded.

---

[12] No. Civ.A. 301CV1649D, 2001 WL 1041799 (N.D. Tex. Aug. 31, 2001) (Fitzwater, J.).
[13] *Id*. at *4.
[14] *Id*.
[15] *Id*. at *4-6.

For these reasons stated above, Plaintiff's Motion to Remand is **GRANTED**.

**SO ORDERED.**

November 21, 2008.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**